
WDM: USAO 2017R00523

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2018 SEP 17 AM 10: 59
CLERK'S OFFICE
AT GREENBELT
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. PWG 18 cr 477 |
| | * | |
| TYLER KHAN LIEN, | * | (Conspiracy to Commit Mail Fraud, |
| | * | 18 U.S.C. § 1349; Forfeiture, 18 U.S.C. |
| Defendant | * | §§ 981(a)(1)(C) and 982(a)(2), 21 |
| | * | U.S.C. § 853, and 28 U.S.C. § 2461(c)) |
| | * | |

*******

## INFORMATION

### COUNT ONE
(Conspiracy to Commit Mail Fraud)

The United States Attorney for the District of Maryland charges that:

### Introduction

At all times relevant to this Information:

1. Defendant **TYLER KHAN LIEN ("LIEN")** was employed at Company A in Rockville, Maryland.

### The Conspiracy

2. From on or about February 1, 2016, through on or about July 31, 2017, in the District of Maryland and elsewhere, the defendant,

**TYLER KHAN LIEN,**

did knowingly and willfully combine, conspire, confederate, and agree with other persons, known and unknown to the United States Attorney, to knowingly devise a scheme and artifice to defraud Company A, and to obtain money and property from Company A by means of materially false and fraudulent pretenses, representations, and promises ("the scheme to defraud"), and for

the purpose of executing and attempting to execute the scheme to defraud did cause to be delivered by the Postal Service and by private and commercial interstate carrier according to the direction thereon, any matter or thing, in violation of 18 U.S.C. § 1341.

**Manner and Means of the Conspiracy and Scheme to Defraud**

3. It was part of the conspiracy and scheme to defraud that **LIEN** fraudulently represented to businesses, including cellular providers, that he was authorized by Company A to purchase electronic devices, including iPhones, for and on behalf of Company A, when in fact **LIEN** had no such authority or authorization.

4. It was further part of the conspiracy and scheme to defraud that **LIEN** purchased numerous electronic devices from businesses, including cellular providers, and represented to such businesses that he was purchasing these items for and on behalf of Company A.

5. It was further part of the conspiracy and scheme to defraud that **LIEN** directed businesses from which he purchased electronic devices to bill Company A for the electronic devices fraudulently obtained by **LIEN**.

6. It was further part of the conspiracy and scheme to defraud that **LIEN** took custody of the fraudulently obtained electronic devices after these items were shipped and delivered by the Postal Service and by private and commercial carrier.

7. It was further part of the conspiracy and scheme to defraud that **LIEN** concealed the purchase and possession of the fraudulently obtained electronic devices from Company A.

8. It was further part of the conspiracy and scheme to defraud that **LIEN** caused the fraudulently obtained electronic devices to be delivered by the Postal Service and by private and commercial interstate carrier to co-conspirators in California, who in turn caused the items to be

delivered to and for the benefit of a co-conspirator outside of the United States, where the devices were ultimately sold for the benefit of **LIEN** and co-conspirators.

18 U.S.C. § 1349

## FORFEITURE ALLEGATION

The United States Attorney for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. §§ 981 and 982, 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), upon the defendant's conviction on Count One of this Information.

2. As a result of the offense set forth in Count One, the defendant,

**TYLER KHAN LIEN,**

shall forfeit to the United States, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(2), any property, real or personal, which constitutes or is derived from proceeds traceable to such violation.

### Substitute Assets

3. If, as a result of any act or omission of the defendant, any such property subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

18 U.S.C. § 981
18 U.S.C. § 982
21 U.S.C. § 853
28 U.S.C. § 2461(c)

9/17/2018
Date

Robert K. Hur
United States Attorney